973 So.2d 647 (2008)
Judith W. FELDMAN, Appellant,
v.
CITY OF NORTH MIAMI, Florida, et al., Appellees.
No. 3D07-1491.
District Court of Appeal of Florida, Third District.
January 30, 2008.
*648 Ron Bradley Kurtz, Hollywood; Lowy and Cook and Ronald S. Lowy, Miami Beach, for appellant.
Weiss Serota Helfman Patoriza Cole & Boniske and Joseph H. Serota, Miami, for appellee City of North Miami; Gray Robinson and George N. Meros, Jr., and Andy V. Bardos, Tallahassee, for appellee North Miami Community Redevelopment Agency.
Before WELLS, ROTHENBERG and SALTER, JJ.
WELLS, Judge.
Judith Feldman appeals from a final summary judgment in the City of North Miami's, favor, rejecting Feldman's claim that a Municipal Charter Amendment adopted by popular vote was invalid because the ballot summary violated section 101.161 of the Florida Statutes.[1] We agree that the ballot summary language is not clearly and conclusively defective and will not therefore warrant relief. See, e.g., Kainen v. Harris, 769 So.2d 1029, 1030 (Fla.2000) (citing Florida League of Cities v. Smith, 607 So.2d 397, 399 (Fla.1992) for the proposition that "no relief is possible unless the ballot summary is clearly and conclusively defective").
Affirmed.
NOTES
[1] Section 101.161 in pertinent part provides:

Whenever a constitutional amendment or other public measure is submitted to the vote of the people, the substance of such amendment or other public measure shall be printed in clear and unambiguous language on the ballot after the list of candidates, followed by the word "yes" and also by the word "no," and shall be styled in such a manner that a "yes" vote will indicate approval of the proposal and a "no" vote will indicate rejection. . . . Except for amendments and ballot language proposed by joint resolution, the substance of the amendment or other public measure shall be an explanatory statement, not exceeding 75 words in length, of the chief purpose of the measure.
§ 101.161(1), Fla. Stat. (2007).